UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

1:16 cv 329

UNITED STATES OF AMERICA
Plaintiff

v.

PETER K. STERN
Movant/Defendant

Case No. 2:06-cv28
(2:99-cr81)

FILED
ASHEVILLE, N.C.
OCT 0 5 2016
U.S. DISTRICT COURT
W. DIST. OF N.C.

## PETITION FOR WRIT OF ERROR CORAM NOBIS

NOW COMES, Peter K. Stern, appearing Pro Per, hereinafter at all time relevant Petitioner, and files this PETITION FOR

WRIT OF ERROR CORAM NOBIS on the following grounds;

## DISCUSSION

The Petitioner moves this court for a WRIT OF ERROR CORAM NOBIS on the grounds that this court has jurisdiction to grant this Petition and the relief sought is available under 28 USC §1651a.

The Petitioner is under ongoing consequences of the wrongful conviction in the underlying case and has a right to clear his name and reputation and remove the civil disabilities that attached as a consequence thereof. U.S. v. Morgan, 346 U.S. 502 (1954).

1

34  The Petitioner categorically states and asserts that this is not a second or
35  successive 28 USC § 2255 motion nor should it be misconstrued as such.

36  The Petitioner asserts the claim that at no time has he waived any right or
37  remedy.

38  The references to parts of the §2255 document are necessary to set the stage
39  for the success of the claim in this Petition.

40  The Petitioner had no resources to pursue this avenue heretofore and is not
41  now in custody.

42  **ARGUMENT**

43  The allegation and claim of fundamental Constitutional grounds arise from
44  the fact that the original Court summarily and unreasonably delayed and denied the
45  Petitioner a meaningful hearing on his § 2255 Petition, thereby depriving him of a
46  Constitutionally guaranteed right under the Due Process Clause of the 5th
47  Amendment and the Compulsory Process Clause of the 6th Amendment.

48  From the outset of this case, the Petitioner has maintained a claim of actual
49  and factual innocence with respect to 6 of the 7 counts in the Indictment as set
50  forth in the original Petition.

51  Counts 4 through 7 were directly attacked in Ground 45, Pages 205-208 of
52  the original §2255 Petition, made a part hereof by reference as if fully reproduced
53  herein by reference, and supported by the unchallenged Affidavit of Russell Dean

2

54  Landers made a part hereof by reference as if fully reproduced herein by reference.

55  Since in said Affidavit Landers directly confessed to the acts alleged to the

56  Petitioner and unequivocally absolved the Petitioner from any of the essential

57  elements of the offense and is thus totally exculpatory, this was and is squarely

58  before the Court and makes the claims of the Petitioner a justiciable issue of

59  Constitutional magnitude based on actual and factual innocence claimed.

60  At trial, the record reflects that the Court denied the Petitioner a Writ of

61  Habeas Corpus Ad Testificandum for Mr. Landers, thereby denying the Petitioner

62  the right to present clearly exculpatory evidence and in so doing, actively assisted

63  the Government to obtain a wrongful conviction.

64  The Petitioner contends equitable tolling must be applied and any

65  presumption of a procedural bar deemed void, ab initio, since this claim clearly

66  rises to a level of a Constitutional claim. Murray v. Carrier, 477 U.S. 478, 496, 106

67  S.Ct. 2639, 91 L.Ed. 2nd 397 (1986). F.R.C.P. Rule 60 (b) (3), (4) and (6) apply as

68  this is a separate action. Hazel-Atlas Glass Co. v. Hartford Empire Co. (1944) 322

69  U.S. 238, 4 Fed. Rules Serv. 942,945.

70  The unchallenged Affidavit, the highest level of evidence, and properly

71  before this court under F.R.Cv. P. Rules 12 (b)(6) and 56 (c), clearly demonstrates

72  that the Petitioner did not commit the acts accused of and constitutes a credible

73  showing sufficient to allow this Court to reach the merits of the Petition. Schlup v.

3

Delo, 513 U.S. 298 317, 115 S. Ct. 851 (1995), and establishes the Constitutional gateway to have the claim considered on its merits. Id. At 315, 115 S.Ct.851 (citing Herrera v. Collins, 506 U.S. 390, 404, 113 S. Ct. 853, 122 L.Ed. 2nd 203 (1993).

In addition to the above claim, the Petitioner asserts the claim that this Court must take mandatory judicial notice of the record of Congress and its unequivocally stated Congressional intent with respect to what constitutes criminal behavior with respect to the instruments referred to in the original Indictment pursuant to F.R.Cv.P Rule 44 (a)(1). The Petitioner asks the Court to take mandatory judicial notice of the official publication consisting of the record of THE COMMITTEE ON BANKING, HOUSING, AND URBAN AFFAIRS of the U.S. Senate Hearing on S.1009, July 17, 1996 lodged as Exhibit #20 in the original Petition and made a part hereof by reference as if fully reproduced herein by reference and on the record and before the Court.

The Actual Innocence claim is therefor asserted with respect to Counts One and Three, an alleged violation of 18 USC §286 and 18 USC § 1344 which by expressly stated Congressional intent was not applicable to the acts attributable to the Petitioner.

At Ground 9 of the original Petition, made a part hereof by reference as if fully reproduced herein by reference, the Petitioner clearly demonstrates that at the time of the alleged offense with respect to that count, the Petitioner's behavior was

4

not criminal in nature and did not become so until September 30, 1996. The Petitioner contends that Exhibit #20, the record of THE COMMITTEE ON BANKING, HOUSING, AND URBAN AFFAIRS of the U.S. Senate Hearing on S.1009, July 17, 1996, repeatedly make clear that there was no criminal law in place to place the behavior in Count 2 within the scope and purview of Title 18 U.S.C. See <u>Report at Page 1, Page 2, Page 11, Page 22, and Page 24.</u>

Attempts to enter this undeniably, compelling and powerful exculpatory exhibit at trial which on it's face important to a vital and principle point of the case were denied by the trial judge, and thusly withheld from the jury, a clear and plain error and an undeniable abuse of judicial discretion when taken in context with the impact on the Petitioner's defense which resulted in the Petitioner being denied "a meaningful opportunity to present a complete defense." This prejudicial act by the trial court withheld from the jury concrete and material evidence which is clearly prejudicial to the Petitioner and he substantive rights and which implicates violations of the Due Process Clause of the Fifth Amendment and is also rooted in the Compulsory Process or Confrontation Clause of the 6th Amendment. <u>Holmes v. South Carolina,</u> 547 U.S. 319, 126 S.Ct. 1727, 1731, 164 L.Ed.2d 503 (2006), and postured the court to favor the prosecution such as to insure a conviction. <u>U.S. v. Newsome,</u> 322 F.3d 328, 334 (4th Circuit 2003) citing <u>U.S. v. Castner,</u> 50 F.3d 1267, 1272 (4th Circuit 1995) to a point where for this court to leave this

5

unaddressed and corrected would "seriously affect [ ] the fairness, integrity or public reputation of the judicial proceedings" U.S. v. Gray, 405 F.3d 227, 243 (4th Circuit 2005), cert. denied 126 S.Ct.275 (2005) in U.S. v. Cardwell, 03-4585 (4th Circuit Dec. 30, 2005).

As a consequent of the trial court's prejudicial denial of the Writ Of Habeas Corpus ad Testificandum for Russell Dean Landers as a witness at trial, Petitioner must resort to the material evidence contained in the Affidavit of Russel Dean Landers lodged with this court in the evidence package of the §2255 petition and which clearly shows the denial was a fundamental miscarriage of justice and a denial of substantive rights since Mr. Lander's testimony relates to a vital and principal point of the case and would most certainly have influenced the jury.

No court has a right to imprison a citizen who has violated no law, even if exercised by a court under guise and form of law and such an act is subversive of the right of the citizen as if were exercised by a person not clothed with authority. Ex Parte Siebold, 100 U.S. 371, 25 L. Ed 717. The instant Court may determine in in a habeas corpus or Writ of Error proceeding the constitutionality of the conviction under which the Petitioner was convicted and irrespective of the stage or any other relief available to the Petitioner, discharge the conviction if the proceedings prove to based on no law, Minnesota v. Barber, 136 U.S. 313, 34 L.Ed

6

455, 10 S.Ct. 862, which in this case by clearly stated Congressional intent is the undisputable factual setting and constitutes a fundamental error.

The Petitioner's timely actions to argue and enforce his clear Constitutional Right were unreasonably and summarily denied on November 27, 2006 by the original Court leaving only the motion to vacate languishing unheard until Petitioner was forced to withdraw the Petition for lack of sufficient legal resources and ability to do research while incarcerated, a position the original Court scoffed at in its October 25, 2011 ORDER.

Petitioner asserts the claim that his claim falls squarely within the "extraordinary circumstances" where the sought "extraordinary remedy" must be granted. U.S. v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000), Harris v. Hutchison, 209 F.3d 325, 330 (4th Cir. 2000).

The current action has both criminal and civil aspects. O'Brien v. Moore, 395 F.3d 499, 505 (4th Circuit 2005). The Petitioner shows that his original Petition sets forth clear and undeniable claims of FRAUD which permeates the entire proceedings as set forth at Ground 3 of the original Petition beginning at Page 58 and continuing through Page 76 and Petitioner refers the Court to those pleadings and supporting Exhibits in their entirety for elaboration and incorporates them herein by reference as if fully reproduced herein by reference.

It is a long standing matter of well settled law that there is no statute of limitations on fraud. Once the Badges of Fraud appear, " in any manner", the Court has no other path open to it other than to proceed on that issue "without further investigation as to the materiality" and to "vitiate the judgment" . <u>Great Coastal Exp. V. International Broth., Etc.</u> 675 F.2d 1349, 1353-54 (4th Circuit 1982) citing <u>Hazel Atlas Glass Co. v. Hartford Empire Co.</u>, 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250 (1944)

The Petitioner contends that the Petitioner labors under "concrete and continuing injury other than the now-ended incarceration or parole" exists in the form of deprivation of rights and the enduring stigma and the clouding of his name and reputation in the community that exists as a result of the collateral consequence of the conviction. <u>Spencer v. Kemna</u>, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998). The injury is sufficient to maintain this action and give the Petitioner standing before the Court.

It cannot be denied that the Petitioner has set forth compelling, overwhelming, irrefutable and sound factual proof of the predicate core issues and that proof is of sufficient weight to have this Petition granted in full under the concept of equitable tolling as well as 28 USC § 1651a.

The Petitioner reminds the instant Court that his original Petition was before the court for a period of 8 months while he labored under a clearly illegal and

thusly unconstitutional sentence of 124 months imposed in direct conflict with the finding of the United States Supreme Court that the maximum sentence should be no more than 57 months. <u>Stern v. U.S.</u>, 543 U.S. 1097, 125 S.Ct. 988, 160 L.Ed. 996 (2005).

From the train of events set out in this Petition, it is abundantly clear that the trial court was prejudiced and biased in favor of the government and against the Petitioner and a fundamental miscarriage was wrought on the Petitioner as a result.

All appearance of a fair and impartial trial are erased and buried under the overwhelming and indisputable evidence set out by the Petitioner and the record.

The ancient Maxim of "Justice delayed is justice denied." aptly applies in this case since the court could have and should have granted the relief sought in the original § 2255 Petition allowed a meaningful hearing, and released the Petitioner from the illegal sentence.

The Petitioner incorporates by reference the AFFIDAVIT IN SUPPORT OF PETITION FOR WRIT OF ERROR CORAM NOBIS filed with this Petition which is filed timely.

## **CLAIM FOR RELIEF**

Wherefore, the Petitioner petitions this Court to immediately grant the WRIT OF ERROR CORAM NOBIS, find and ORDER and DECREE that the grounds set forth herein are of merit and carry sufficient weight that upon the

9

Case 1:16-cv-00329-MR   Document 1   Filed 10/05/16   Page 9 of 10

grounds set forth herein, that the conviction is overturned, reversed in its entirety, with prejudice, ab initio, and the record of Petitioner's conviction be expunged in its entirety.

In the alternative, grant and ORDER a full and meaningful hearing on the original §2255 Petition.

DATED: October 3, 2016

Respectfully Submitted,

_____

Peter K. Stern, Pro Per

P.O. Box 326

Franklin, NC 28744
828-349-3007

CERTIFICATE OF SERVICE

I, Peter K. Stern, hereby certify that a true and correct copy of the foregoing Petition For Writ Of Error Coram Nobis and AFFIDAVIT IN SUPPORT was served by depositing a copy in a depository of the United States Postal Service, with sufficient first class postage affixed and properly addressed to the following parties on this 4 day of OCTOBER, 2016.

United States Attorney's Office
U.S. Courthouse
100 Otis Street
Asheville, NC 28801

_____
Peter K. Stern