ORIGINAL

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION

1:16 CV 329

UNITED STATES OF AMERICA
Plaintiff

v.

PETER K. STERN
Movant/Defendant

FILED
ASHEVILLE, N.C.
OCT 05 2016
U.S. DISTRICT COURT
W. DIST. OF N.C.

Case No. 2:06-cv28
(2:99-cr81)

## AFFIDAVIT IN SUPPORT OF MOTION FOR RECONSIDERATION

I, Peter K. Stern, Affiant, state that the facts set forth herein are of first hand personal knowledge, true, correct, complete, certain, given under the penalty of perjury and not misleading.

1. Affiant states Affiant was present in the courtroom in Asheville, NC and witnessed that when Affiant's counsel attempted to enter into evidence an original copy of the Report of THE COMMITTEE ON BANKING, HOUSING, AND URBAN AFFAIRS of the U.S. Senate Hearing on S.1009, July 17, 1996 under the claim that it fully exculpated the Affiant of Counts One and Three of the Indictment, the submittal was denied and Affiant's counsel was threatened with sanctions by the judge if he persisted in attempting to bring that document into evidence.

2. Affiant states that Affiant has a good faith belief that the conduct under which he was prosecuted in Counts One and Three of the Indictment were mis-charged and falsely charged and that according to the clearly stated intent of Congress set forth in the Report of THE COMMITTEE ON BANKING, HOUSING, AND URBAN AFFAIRS of the U.S. Senate Hearing on S.1009, July 17, 1996, did not at the time complained of in the Indictment, constitute a criminal act until Congress passed into law 18 USC

1

544 on September 30, 1996 and renders the conviction and sentence on Counts 1 and 3 Constitutionally void.

3. Affiant states that Affiant was present in the courtroom in Asheville, NC and witnessed that when Affiant's counsel attempted to secure a Writ Of Habeas Corpus Ad Testificandum for Russell Dean Landers to appear and offer testimony that would exculpate Affiant on Counts 4 through 7 of the Indictment, the judge refused to grant the Writ and renders the conviction and sentence on Counts 4 through 7 Constitutionally void.

4. Affiant states it is Affiants good faith belief that the facts are clear on their face that the trial judge deliberately withheld material exculpatory evidence from the jury, a clear and plain error when taken in context with the impact on the Petitioner's defense which resulted in the Petitioner being denied a meaningful opportunity to present a complete defense, and in so doing, deliberately postured the court to favor the prosecution such as to insure a conviction and renders the conviction and sentence on Counts 1 through 7 Constitutionally void.

5. Affiant states that throughout the proceedings, from before the Grand Jury until now, David Allen Brown, acting under the guise of Assistant U.S. Attorney, has been practicing law in the State of North Carolina and has never been a member of the State Bar.

6. Affiant states that Brown has been holding himself out to be an attorney in good standing while the factual setting is that he is in continuous and open criminal violation of NCGS 84-4 et.seq.

7. Affiant states that Affiant has a good faith belief that the ongoing violations of State criminal law by Brown rises to the level of a felony which operates to strip Brown of any authority of office, ab initio, and his continued appearances before the Grand Jury, Petit Jury, and in hearings before the Bench constitutes fraud in the factum as well as fraud upon the court.

8. Affiant states that it is his good faith belief that the 124 month sentence imposed on resentencing flew in the face of the ORDER of the Supreme Court in Stern v. U.S., 543 U.S. 1097, 125 S.Ct. 988, 160 L.Ed. 996 (2005),

constituted judicial overreach, is clear and undeniable positive proof of judicial bias and prejudice, was illegal and unconstitutional and renders the conviction and sentence on all Counts Constitutionally a nullity, ab initio, and void on its face.

9. Affiant states that he has a good faith belief that the charge under Count 2, a violation of 26 USC §7212 is based on vague and indecipherable language and is therefor unenforceable and renders the conviction and sentence on Count 2 Constitutionally void.

10. Affiant states that he has a good faith belief that 26 USC § 7212 is unsupported by implementing regulations and unenforceable since all purported implementing regulations are found only under 27 USC and Affiant has never been involved in commerce in alcohol, tobacco or firearms transactions nor did the Indictment so allege and renders the conviction and sentence on Count 2 Constitutionally void.

11. Affiant states that Affiant instructed counsel to bring forth, assert, and make a record of the Constitutional claims now on the record of the court in the original Petition in the Affiant's Sentencing Memorandum and counsel refused to follow Affiant's instructions.

12. Affiant states that at the resentencing, Affiant instructed counsel to object to the 124 month sentence imposed by the trial court and counsel refused to do so and told Affiant "Be quiet. Sit still." and placed a restraining hand on Affiant's arm when Affiant started to rise to object.

13. Affiant states that after counsel filed a timely Notice Of Appeal, counsel told Affiant that counsel would require "at least another $50,000.00 to file the appeal" and an unspecified additional amount to argue the appeal if oral arguments were granted.

14. Affiant states that counsel's work to that time had taken all funds available to Affiant and, in addition, at least $75,000.00 borrowed from Affiant's mother. Affiant had no financial resources with which to effect an appeal and was told by counsel that he should withdraw the appeal anyway, since it would take more time than Affiant had left on his sentence. Affiant,

3

against his better judgment, and demoralized by counsel's doom saying and refusal to move forward until counsel received $50,000.00, against his will withdrew the appeal.

15. Affiant later found the personal strength to file the 28 § 2255 Petition while at FCI Ashland, KY which has a significant Law Library.

16. Affiant was subsequently moved to FPC Edgefield.

17. Affiant, on arrival at FPC Edgefield, found the Law Library at FPC Edgefield to be a severely truncated and under equipped and poorly maintained place and was unable to do adequate and timely research to prosecute the Petition.

18. Affiant states that the staff at FPC Edgefield severely restricted Affiant's access to the meager Law Library.

19. Affiant was denied a meaningful hearing on the §2255 Petition and withdrew his Petition due to a crippling lack of resources to allow Affiant to follow through and successfully prosecute the action.

20. Affiant states that the court has only to review the magnitude of the scope and breadth of the original Petition to come to the unassailable conclusion that the Affiant was and is keenly focused on obtaining the relief sought in that Petition and only the most dire of circumstances over which the Affiant had no control would change that effort.

21. Affiant states that Affiant is still prosecuting his case and has never waived any remedy.

22. Affiant states the good faith belief that the failure of the Court to grant a meaningful hearing on his §2255 Petition is a denial of a clearly stated Constitution Right.

Further Affiant says not.

Done and dated this the 3th day of October, 2016.

*[signature]*

Peter K. Stern


## NOTARY ATTESTATION

State of North Carolina}
County of Macon}

Before me, *Ellen C Ramey*, a duly appointed NOTARY PUBLIC in and for Macon County, the State of North Carolina, personally appeared Peter K. Stern, and who, in my presence, and under the penalty of perjury, did set his hand and seal hereto on this the 4 day of October, 2016.

*Ellen C Ramey*          06/06/2020
NOTARY PUBLIC            MY COMMISSION EXPIRES

[SEAL]



ELLEN C RAMEY
NOTARY PUBLIC
NORTH CAROLINA
MACON COUNTY
MY COMM. EXP. 06-06-2020