# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:16-cv-00329-MR
# [CRIMINAL CASE NO. 2:99-cr-00081-MR-1]

| | |
|---|---|
| PETER K. STERN, ) | |
| ) | |
| Petitioner, ) | |
| ) | **MEMORANDUM OF** |
| vs. ) | **DECISION AND ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's *pro se* Petition for Writ of Error Coram Nobis Pursuant to 28 U.S.C. § 1651 [Doc. 1] and Petitioner's "Motion for Final Judgment on the Pleadings" [Doc. 3]. For the reasons set forth below, the Court denies Petitioner's motions.

## PROCEDURAL HISTORY

On December 7, 1999, Petitioner Peter K. Stern was charged in a Superseding Bill of Indictment with one count of conspiring to defraud the United States through the submission of false claims, in violation of 18 U.S.C. § 286 (Count One); one count of obstructing and impeding the due administration of the internal revenue laws, in violation of 26 U.S.C. § 7212(a) (Count Two); one count of bank fraud, in violation of 18 U.S.C. §

1344 (Count Three); two counts of threatening a federal judge, in violation of 18 U.S.C. § 115 (Counts Four and Five); and two counts of communicating threats through the mail, in violation of 18 U.S.C. § 876 (Counts Six and Seven). [Crim. Case No. 2:99-cr-00081 ("CR"), Doc. 51]. Petitioner was found guilty on all counts after a jury trial, and Petitioner's conviction and sentenced were affirmed on appeal. United States v. Stern, 96 F. App'x 855 (4th Cir. 2004).

On January 24, 2005, the Supreme Court vacated the judgment and remanded the case to the Fourth Circuit in light of United States v. Booker, 543 U.S. 220 (2005). On remand, the Fourth Circuit again affirmed Petitioner's conviction but remanded for sentencing. United States v. Stern, 164 F. App'x 306 (4th Cir. 2006). This Court subsequently resentenced Petitioner to 124 months of imprisonment. [CR Doc. 194]. Petitioner appealed, but subsequently moved to dismiss the appeal, which the Fourth Circuit granted on May 4, 2006.

On October 26, 2006, Petitioner filed a motion to vacate under 28 U.S.C. § 2255. [CR Doc. 204]. On June 15, 2007, Petitioner filed a notice of voluntary dismissal of the motion to vacate, and this Court subsequently entered an order dismissing the motion to vacate. [CR Docs. 225, 229]. Petitioner served his custodial sentence and was released from custody on

2

September 19, 2008. On August 15, 2011, Petitioner filed a motion seeking to reinstate his Section 2255 motion to vacate. [CR Doc. 232]. By order dated October 25, 2011, this Court denied the motion seeking to reinstate the Section 2255 motion as time-barred and because Petitioner was no longer in custody. [CR Doc. 234].

On October 5, 2016, Petitioner filed the instant petition for writ of error coram nobis, seeking to have his underlying conviction set aside. For grounds, Petitioner contends that he is factually innocent, that his underlying conviction was obtained through "fraud," and that he was not allowed to introduce exculpatory evidence at trial. Petitioner seeks to have his underlying conviction "expunged" and he seeks, alternatively, a "full and meaningful hearing" on his original Section 2255 motion to vacate.

## DISCUSSION

Under 28 U.S.C. § 1651(a), coram nobis relief is only available when all other avenues of relief are inadequate and where the defendant is no longer in custody. In re Daniels, 203 F. App'x 442, 443 (4th Cir. 2006) (unpublished); United States v. Mandel, 862 F.3d 1067, 1075 (4th Cir. 1988). Even where a defendant has served his time and believes he was unjustly convicted, coram nobis relief is only available in very limited circumstances. In reviewing a petition for a writ of error coram nobis, the Court "must

3

presume that the underlying proceedings were correct, and the burden of showing otherwise rests on the petitioner." Hanan v. United States, 402 F. Supp. 2d 679, 684 (E.D. Va. 2005), aff'd, 213 F. App'x 197 (4th Cir. 2007). The burden placed on a petitioner who seeks a writ of error coram nobis exceeds the burden placed on a petitioner who seeks collateral relief through a habeas petition. Id. This heavier burden is justified in coram nobis proceedings, because where, as here, the petitioner has completed his sentence, the government is unlikely to allocate scarce prosecutorial resources to retry a defendant who will not be resentenced. See id.

In discussing relief through a writ of error coram nobis, the Fourth Circuit recently held as follows:

> As a remedy of last resort, the writ of error coram nobis is granted only where an error is "of the most fundamental character" and there exists no other available remedy. United States v. Mandel, 862 F.2d 1067, 1075 (4th Cir.1988). The writ is narrowly limited to "'extraordinary' cases presenting circumstances compelling its use 'to achieve justice.'" United States v. Denedo, 556 U.S. 904, 129 S. Ct. 2213, 2220, 173 L.Ed.2d 1235 (2009) (quoting United States v. Morgan, 346 U.S. 502, 511, 74 S. Ct. 247, 98 L.Ed. 248 (1954)). Thus, the writ provides relief in cases where the error "rendered the proceeding itself irregular and invalid." United States v. Addonizio, 442 U.S. 178, 186, 99 S. Ct. 2235, 60 L.Ed.2d 805 (1979) (internal quotation marks and citation omitted) (superseded by statute on other grounds). A petitioner seeking this relief must show that "(1) a more usual remedy is not available; (2)

4

> valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." Hirabayashi v. United States, 828 F.2d 591, 604 (9th Cir. 1987).

United States v. Akinsade, 686 F.3d 248, 252 (4th Cir. 2012).

After considering the four factors articulated in Akinsade, the Court concludes that Petitioner is not entitled to relief through a writ of error coram nobis. As to the first factor — availability of a more usual remedy — a more usual remedy is not available because Petitioner is no longer in custody. This factor weighs in Petitioner's favor. Next, as to whether Petitioner has shown valid reasons for not attacking the conviction earlier, the Court finds that this factor weighs heavily against Petitioner, as Petitioner has not presented any valid reasons for not asserting the present claims earlier.[1] Moreover, Petitioner has failed to show a sound reason for failing to bring this action sooner than six years after his release from prison and some fifteen years after he was convicted. See Foreman v. United States, 247 F. App'x 246, 248 (2d Cir. 2007) (affirming denial of coram nobis petition where

---

[1] Indeed, Petitioner had the opportunity to, and did, appeal his conviction. His conviction was affirmed, though his sentence was vacated. After resentencing he appealed yet again, though he dismissed the appeal. Then he attacked his conviction collaterally through a Section 2255 motion to vacate, a motion he later withdrew. Petitioner later attempted to reinstate that motion to vacate, but only when he was no longer in custody and the motion to vacate was time-barred.

petitioner failed to provide sufficient justification for six-year delay in seeking relief). Thus, the second factor clearly weighs against Petitioner.

Next, as to the third factor, the Court will assume that adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III. The Court notes, however, that as to the fourth factor, Petitioner has simply not presented anything other than conclusory allegations that his underlying conviction was in error.[2] He merely argues, in conclusory fashion, that he is innocent of the underlying conviction and that he was not allowed to offer exculpatory evidence at trial. This fourth factor therefore weighs against Petitioner.

In sum, after considering the four <u>Akinsade</u> factors, the Court finds that Petitioner has failed to meet the very high burden required to obtain relief through a writ of error coram nobis. Furthermore, to the extent that Petitioner alternatively seeks "a full and meaningful hearing" on his original Section 2255 motion to vacate, Petitioner's motion for this alternative relief is denied.

---

[2] For instance, regarding Counts 4 through 7 (threatening a federal judge and sending threats by mail), Petitioner cites to an affidavit of Russell Dean Landers that Petitioner filed with this Court as part of his § 2255 proceeding on October 26, 2006 – nearly a decade prior to his filing herein. In that affidavit, Landers admits his participation in the alleged activity, and goes on to assert that Petitioner herein, "Peter Kay Stern . . . plac[ed] his signature [ ]on" the threatening document that was at issue. [CR Doc. 205-6 at 9]. As such, Petitioner's conclusory allegation that he is actually innocent of these charges is actually undermined by the previously filed documents to which he refers in his new petition [Doc. 1 at 2-3].

## CONCLUSION

For the reasons stated herein, the Court denies the petition for a writ of error coram nobis.

Further, to the extent that the Petitioner seeks rehearing of his § 2255 motion to vacate, the Court finds that the Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that his Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

## **O R D E R**

**IT IS, THEREFORE, ORDERED** that:

(1) Petitioner's Petition for Writ of Error Coram Nobis Pursuant to 28 U.S.C. § 1651 [Doc. 1] is **DENIED**;

(2) Petitioner's "Motion for Final Judgment on the Pleadings" [Doc. 3]

is **DENIED AS MOOT**; and

(3) The Court declines to issue a certificate of appealability.

The Clerk is instructed to terminate this action.

**IT IS SO ORDERED.**

Signed: November 28, 2016

Martin Reidinger
United States District Judge