IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:16-cv-00329-MR
[CRIMINAL CASE NO. 2:99-cr-00081-MR-1]

| | |
|---|---|
| PETER K. STERN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on Petitioner's "Motion for Reconsideration," which the Court construes as a Motion to Alter or Amend Judgment under Rule 59 of the Federal Rules of Civil Procedure. [Civil Case No. 1:16-cv-00329-MR ("CV"), Doc. 6].

## BACKGROUND

On December 7, 1999, Petitioner Peter K. Stern was charged in a superseding Bill of Indictment with one count of conspiring to defraud the United States through the submission of false claims, in violation of 18 U.S.C. § 286 (Count One); one count of obstructing and impeding the due administration of the internal revenue laws, in violation of 26 U.S.C. § 7212(a) (Count Two); one count of bank fraud, in violation of 18 U.S.C. §

1344 (Count Three); two counts of threatening a federal judge, in violation of 18 U.S.C. § 115 (Counts Four and Five); and two counts of communicating threats through the mail, in violation of 18 U.S.C. § 876 (Counts Six and Seven). [Crim. Case 2:99cr81, Doc. 51]. Petitioner was found guilty on all counts after a jury trial, and Petitioner's conviction and sentenced were affirmed on appeal. United States v. Stern, 96 F. App'x 855 (4th Cir. 2004).

On January 24, 2005, the Supreme Court vacated the judgment and remanded the case to the Fourth Circuit in light of United States v. Booker, 543 U.S. 220 (2005). On remand, the Fourth Circuit again affirmed Petitioner's conviction but remanded for sentencing. United States v. Stern, 164 F. App'x 306 (4th Cir. 2006). This Court subsequently resentenced Petitioner to 124 months of imprisonment. [Crim. Case No. 2:99-cr-00081-MR ("CR"), Doc. 194]. Petitioner appealed, but subsequently moved to dismiss the appeal, which the Fourth Circuit granted on May 4, 2006.

On October 26, 2006, Petitioner filed a motion to vacate under 28 U.S.C. § 2255. [CR Doc. 204]. On June 15, 2007, Petitioner filed a notice of voluntary dismissal of the motion to vacate, and this Court subsequently entered an order dismissing the motion to vacate. [CR Docs. 225, 229]. Petitioner served his custodial sentence and was released from custody on September 19, 2008. On August 15, 2011, Petitioner filed a motion seeking

to reinstate his Section 2255 motion to vacate. [CR Doc. 232]. By order dated October 25, 2011, this Court denied the motion seeking to reinstate the Section 2255 motion as time-barred and because Petitioner was no longer in custody. [CR Doc. 234].

On October 5, 2016, Petitioner filed a petition for writ of error coram nobis, again seeking to have his underlying conviction set aside. On November 28, 2016, this Court denied the petition. [CV Doc. 4]. On December 13, 2016, Petitioner filed the pending motion for reconsideration [CV Doc. 6], which the Court construes as a motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure.

## STANDARD OF REVIEW

With regard to motions to alter or amend a judgment under Rule 59(e), the United States Court of Appeals for the Fourth Circuit has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been

made before the judgment was entered." Id. Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995)).

## DISCUSSION

Petitioner has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted. That is, Petitioner's motion does not present evidence that was unavailable when he filed his underlying petition for writ of error coram nobis, nor does his motion stem from an intervening change in the applicable law. Furthermore, Petitioner has not shown that a clear error of law has been made, or that failure to grant the motion would result in manifest injustice to him. See Hill, 277 F.3d at 708. Rather, in his motion, Petitioner merely reasserts allegations made in the original petition. For the reasons stated in the Court's original order, Petitioner's argument is without merit. Accordingly, the Court will deny Petitioner's motion to alter or amend judgment.

4

## CONCLUSION

Based on the foregoing, the Court concludes that Petitioner's motion to alter or amend judgment will be denied.

The Court finds that Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that his Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion for Reconsideration [CV Doc. 6] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court declines to grant a certificate of appealability.

**IT IS SO ORDERED.**

Signed: January 12, 2017

Martin Reidinger
United States District Judge